XIAO LAN SHI, aka Xiaolan Shi, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General,* Respondent.

No. 08–0510–ag.

United States Court of Appeals, Second Circuit.

June 22, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Kristin A. Moresi, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Lan Shi, a native and citizen of the People's Republic of China, seeks review of a January 14, 2008 order of the BIA, which denied her motion to reopen. *In re Xiao Lan Shi*, No. A77 924 915 (B.I.A. Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Shi's untimely motion to reopen or in finding her ineligible to file a successive asylum application.

Shi argues that the BIA erred by relying on its precedential decisions to summarily conclude that she failed to demonstrate material changed country conditions sufficient to excuse the untimeliness of her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally, although the agency may err in rejecting a document solely based on the alien's failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404–405 (2d Cir.2005), it does not err where, as here, its decision to reject documentary evidence is based substantially on contrary evidence in the record and only mentions the fact that a document was not authenticated, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148–49 (2d Cir.2007).

Similarly, the BIA's determination that Shi was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).